**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TERRY TYRONE PULLEN, JR.,**

    **Plaintiff,**

                                                   Civil Action 2:14-cv-104
    v.                                          Judge Edmund A. Sargus, Jr.
                                                 Magistrate Judge Elizabeth P. Deavers

**C/O LISA HOWARD,**

    **Defendant.**

**OPINION AND ORDER**

    Plaintiff, Terry Tyrone Pullen, Jr., an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants, employees and former employees of the Ohio Department of Rehabilitation and Correction ("ODRC"),[1] alleging that he was subjected to excessive force in violation of the Eighth Amendment. This matter is before the Court for consideration of Defendants' Motions to Stay, seeking an order staying their responses to Plaintiff's Amended Complaint pending the resolution of criminal charges against Plaintiff. (ECF Nos. 14 and 22.) For the reasons set forth below, Defendants' Motions are **DENIED**.

---

[1]Specifically, Plaintiff names corrections officers Lisa Howard, Andrew Fultz, Klinton Hill, Anthony Russell, Harris (first name illegible), David Rispress, Gleason (no first name provided), Newsome (no first name provided), Crystal Murphy, Church (no first name provided), as well as, Gary Mohr, Director of the State of Ohio Department of Corrections, and Rhonda Richard, Warden of the Correctional Reception Center.

1

**I.**

The alleged events giving rise to this action occurred while Plaintiff was incarcerated at the Correctional Reception Center located in Harrisburg, Ohio.  According to Plaintiff's Amended Complaint, on July 9, 2013, Defendant Howard ordered Plaintiff to step into a sally port while he was returning from the medical bay to his cell.  Plaintiff alleges that immediately after he entered the sally port, Defendant Howard started screaming and applied physical force while electronically signaling for assistance.  Plaintiff further alleges that that Defendants Fultz, Hill, Harris, Russell, Rispress, and Murphy responded to Defendant Howard's alert and began "kicking and punching" him for "5 mins [*sic*] or longer."  (Pl.'s Am. Compl. ¶¶ 23-29, ECF No. 11.)  Plaintiff alleges that he was then escorted to Defendant Church and "slammed face first into the floor" by Defendants Harris, Newsome, and Gleason before being sent to the strip cage.  (*Id*. at ¶ 32).

Plaintiff filed this Section 1983 action on June 12, 2014, advancing excessive force claims against Defendants arising from the events occurring on July 9, 2013.  Plaintiff seeks declaratory, injunctive, and monetary relief.  On December 6, 2013, Plaintiff was indicted on felony assault charges brought by the Pickaway County prosecutor's office.  The sole count of the indictment alleges that Plaintiff caused or attempted to cause injury to Defendant Howard on July 9, 2013, in violation of Ohio Revised Code Section 2903.13(A).  (December 6, 2013 Indictment, ECF No. 14-1).  On August 14, 2014, the Pickaway County prosecutor dismissed the charges and filed a *noelle prosequi*.  According to Jayme Hartley Fountain, an assistant prosecutor for Pickaway County, the charges were dismissed in order to collect additional evidence against Plaintiff.  (Fountain Decl. ¶ 7, ECF 22-1).  Ms. Hartley represents that the Pickaway County prosecutor's office intended to re-file the charges in November 2014.  (*Id*. at ¶

7).  To date, the charges have not been re-filed.

In the subject Motions to Stay, Defendants rely upon *Heck v. Humphrey*, 512 U.S. 477 (1994), to argue that a stay is appropriate under the circumstances presented.  Defendants posit that the *Heck* doctrine would operate to prevent Plaintiff from recovering in his civil suit if he is convicted of the anticipated criminal charges.  Defendants maintain that *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005), further supports their requested stay.  Plaintiff opposes Defendants' Motions.

## II.

A district court possesses the inherent power to stay proceedings based on its authority to "'control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants . . . .'"  *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (citation and internal quotation marks omitted)).  "[A] stay of civil proceedings due to a pending criminal investigation is an extraordinary remedy."  *Id*. at 627 (internal quotation marks and citation omitted).  Because "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, . . . district courts have broad discretion in determining whether to stay a civil action while a criminal action is pending or impending."  *Id*. (internal quotation marks and citations omitted).  Generally, in evaluating whether stay of a civil action while a criminal action is pending or impending is appropriate, courts consider and balance the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

3

*Id.* Ultimately, the moving party carries the burden to demonstrate that "circumstances justify the exercise of [a court's] discretion" to stay an action. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (citations omitted).

### III.

Upon consideration of the foregoing factors, the Court concludes that Defendants have failed to establish that a stay is warranted under the circumstances of this case.

The first consideration, the degree of overlap between civil and criminal proceedings, weighs in Plaintiff's favor. At present, no parallel criminal proceeding even exists. Even if, however, Plaintiff is re-indicted, the degree of overlap between this case and the state-court criminal case would be minimal given that the previous criminal indictment for assault arose solely from his alleged altercation with Defendant Howard. In contrast, this action involves excessive force claims against numerous additional Defendants who were not implicated in Plaintiff's previous state-court criminal indictment.

The second and third considerations, the stage of the criminal proceeding and the private interests of the plaintiff, likewise weigh against granting a stay. Plaintiff's December 2013 indictment was dismissed in August 2014. Although the Pickaway County Prosecutor expressed the office's intention to re-file charges in November 2014, as of January 2015, approximately 18 months after the incident, the Pickaway County Prosecutor has yet to file a renewed indictment. Further, Plaintiff has an undeniable interest in having his claim heard and resolved expeditiously, particularly as it relates to his petitioned injunctive relief. These factors therefore weigh against a stay.

Finally, the fourth, fifth, and six considerations—the interests of the defendants, the Court, and the public—weigh against granting a stay. The public is always served when an

4

individual's injuries are remedied in a timely manner. In addition, the inevitability of Plaintiff's civil suit proceeding, regardless of the outcome of his criminal trial, defeats any argument relating to economy.

Defendants' reliance upon *Heck v. Humphrey* is unavailing. The *Heck* Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a sentence or conviction invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). *Heck*, however, only applies when a plaintiff has already been convicted. The Supreme Court clarified in *Wallace v. Kato*, 549 U.S. 384, 393 (2007), that *Heck* does not bar plaintiffs from bringing a civil action, even if such action would impugn "an anticipated future conviction." Given the lack of a current conviction against Plaintiff, *Wallace* makes it clear that *Heck* cannot be used to prevent Plaintiff from proceeding with his claim.

Moreover, at this juncture, it does not appear that the *Heck* doctrine would operate to bar the claims Plaintiff advances in the instant action even if he had already been convicted of the charges advanced in the December 2013 indictment. As set forth above, Plaintiff has set forth claims against a number of Defendants who were not implicated in Plaintiff's previous state-court criminal indictment. The state-court criminal indictment involved only allegations relating to Defendant Howard. Even Plaintiff's Eighth Amendment excessive force claims against Defendant Howard would not necessarily be barred by a state-court criminal conviction. "Eighth Amendment claims do not run afoul of *Heck* because the question of the degree of force used by a police or corrections officer is analytically distinct from the question whether the plaintiff violated the law." *Huey v. Stine*, 230 F.3d 226, 230 (6th Cir. 2000)), *overruled in part on other grounds by Muhammad v. Close*, 540 U.S. 749, 754–55 (2004). "Where there is room for the

facts alleged by the plaintiff and the facts essential to the judgment of the state agency to peacefully co-exist, the § 1983 must be allowed to go forward." *Lockett v. Suardini*, 526 F.3d 866, 873 (6th Cir. 2008) (internal citations and quotations omitted). So far as the Court can discern at this juncture, Plaintiff's excessive force claims appear to be analytically distinct from whether he committed assault against Defendant Howard.

*Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005), likewise does not alter the Court's conclusion for two reasons. First, as contrasted with the instant case, the *Cummings* plaintiff had already been convicted of assault. Second, in affirming the trial court's reliance upon *Heck* to grant summary judgment to the defendant on the plaintiff's excessive force claim, the Sixth Circuit agreed with the trial court's findings that the state-court assault conviction and the excessive force claims were "inextricably intertwined" such that success on the excessive force claim "would necessarily imply the validity of his state assault conviction." *Id*. The *Cummings* Court explained that the plaintiff "could have raised excessive force as a defense to the assault charge, but instead he chose not to contest the charge." *Id*. at 683. Here, in contrast, nothing in Plaintiff's Amended Complaint leads this Court to conclude that success on his excessive force claims would necessarily undermine a future conviction of charges of assault that may be filed.

In light of the above considerations, the Court finds that it is appropriate to deny Defendants' Motions to Stay.

## IV.

For the reasons set forth above, Defendants' Motions are **DENIED**.  (ECF Nos. 14 and 22.)   Defendants are **ORDERED** to answer or otherwise plead **WITHIN FOURTEEN (14) DAYS**.

**IT IS SO ORDERED.**

Date:  January 12, 2015                              /s/ *Elizabeth A. Preston Deavers*
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge