UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY TYRONE PULLEN, JR.,**

    **Plaintiff,**

    v.

    Civil Action 2:14-cv-104
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

**C/O LISA HOWARD,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Terry Tyrone Pullen, Jr., an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants, employees and former employees of the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging that he was subjected to excessive force in violation of the Eighth Amendment. This matter is before the Court for consideration of an April 9, 2015 filing that Plaintiff characterizes as a Declaration. (ECF No. 45.) In this filing, Plaintiff details alleged incidents of retaliation and requests a preliminary injunction and an order transferring him to another prison. Based upon Plaintiff's requests, the Court **DIRECTS** the Clerk to docket Plaintiff's April 9, 2015 filing (ECF No. 45) as a Motion for a Preliminary Injunction. Upon considering Plaintiff's April 9, 2015 filing, it is **RECOMMENDED** that Plaintiff's request for injunctive relief be denied for the reasons that follow.

In his April 9, 2015 filing, Plaintiff states that prison officials at Southern Ohio Correctional Facility ("SOCF") orchestrated assaults against him by other inmates. He further

represents that SOCF prison officials are interfering with his ability to exhaust his administrative remedies and refusing to complete a theft report after his property was stolen. Plaintiff also states that SOCF staff and officials are failing to adequately supervise other inmates and that they are engaging in harassment and retaliation. Plaintiff asks the Court for injunctive relief in the form of an Order requiring his transfer to another prison.

A district court is vested with discretion to determine whether to issue a preliminary injunction. *See* Fed. R. Civ. P. 65(b); *Deja Vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trs.*, 411 F.3d 777, 782 (6th Cir. 2005). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981). Thus, "'[a] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994)). Put another way, "[a] court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint." *Frost v. Stalnaker,* No. 1:09–cv–662, 2009 WL 3873666, at *2 (S.D. Ohio Nov. 18, 2009) (citations omitted).

In the instant case, Plaintiff's request for a preliminary injunction is premised on new claims premised upon new allegations of unconstitutional retaliation and conditions of confinement. In addition, Plaintiff's motion involves new defendants, some unnamed, and none of whom appear to have been served such that the Court has not obtained personal jurisdiction over them. These new claims involving new defendants fail to provide a sufficient basis for granting injunctive relief in this lawsuit. *See Colvin*, 605 F.3d at 300 (finding that inmate "had

no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint").

Accordingly, it is **RECOMMENDED** that Plaintiff's request for injunctive relief (ECF No. 45) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  April 13, 2015                                          /s/ *Elizabeth A. Preston Deavers*
                                                             Elizabeth A. Preston Deavers
                                                             United States Magistrate Judge