UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY TYRONE PULLEN, JR.,**

    **Plaintiff,**

                              **Civil Action 2:14-cv-104**
    v.                           **Chief Judge Edmund A. Sargus, Jr.**
                              **Magistrate Judge Elizabeth P. Deavers**

**C/O LISA HOWARD,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff, Terry Tyrone Pullen, Jr., an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants, employees and former employees of the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging that he was subjected to excessive force in violation of the Eighth Amendment. The matter is before the Undersigned for a Report and Recommendation on Plaintiff's Motion for Leave to File Supplemental Complaint. (ECF No. 44.) For the reasons that follow, it is **RECOMMENDED** that his Motion for Leave to File Supplemental Complaint be **DENIED**.

    According to Plaintiff's Motion, he has discovered that ODRC employees destroyed video footage of the alleged incident that is the subject of this action. He therefore seeks leave to amend his Complaint to add a new claim based upon the purported video destruction.

    Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, when a

party decides "to advance a new claim as a result of [] discovery" Rule 15(a) provides for "liberal amendment to the complaint." *Tucker v. Union of Needletrades, Indust. & Textile Emps*, 407 F.3d 784, 788 (6th Cir. 2005).  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be *futile*.'"  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)) (emphasis added).  A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

The Undersigned concludes that Plaintiff's proposed amendment is futile.  Federal common law does not recognize a free-standing tort claim for spoliation.  *Cummerlander v. Patriot Preparatory Academy*, No. 2:13-cv-329, 2013 WL 5969727, at *2 (S.D. Ohio Nov. 8, 2013) (citations omitted).  Moreover, any state-law spoliation claim would not survive a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss because this Court lacks subject matter jurisdiction to hear the claim.  The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent.  *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Thomas v. Noder-Love*, No. 13-2495, --- F. App'x ----, 2015 WL 4385284, at *5  (6th Cir. July 17, 2015) ("Eleventh Amendment immunity also bars any pendent state-law claims brought against state officials in their official capacity.").  Pursuant to Ohio Revised Code § 2743.03(A)(1), claimants who seek relief against the state must first file an action in the Ohio Court of Claims.  Ohio's waiver of immunity in the Court of Claims does not constitute a waiver of its Eleventh Amendment immunity from suit in federal court.  *Johns v.

*Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985) (citing *Edelman v. Jordan*, 415 U.S. 651, 677 n.19 (1974)). Moreover, "[i]t is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Applied here, the Ohio Court of Claims has exclusive, original jurisdiction over Plaintiff's proposed state-law spoliation claim against the ODRC employees in their official capacities.

Although Plaintiff cannot assert a federal common law or state-law spoliation claim against the ODRC individuals in their official capacities, he is not without recourse. For example, Plaintiff could seek evidentiary sanctions for spoliation. *See, e.g., Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 554 (6th Cir. 2010) (finding that the district court "did not abuse its broad discretion in finding that an adverse inference was appropriate as a spoliation sanction"); *Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009) ("[I]t is within a district court's inherent power to exercise broad discretion in imposing sanctions based on spoliated evidence."). At this juncture, however, the Undersigned expresses no opinion on the merits of any request for evidentiary sanctions.

In sum, it is **RECOMMENDED** that Motion for Leave to File Supplemental Complaint be **DENIED**. (ECF No. 44.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, they may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  December 17, 2015                              /s/ *Elizabeth A. Preston Deavers*
                                                                                     ELIZABETH A. PRESTON DEAVERS
                                                                                     UNITED STATES MAGISTRATE JUDGE